Steven W. Teppler, Esq.
MANDELBAUM SALSBURG, P.C.
11891 U.S. Highway One, Suite 100
North Palm Beach, FL 33408
Phone: 646-946-5659
Fax: 561-214-4130
steppler@lawfirm.ms
*Attorneys for Defendant*
*Squire Dental Management, LLC*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| CLAYTON CONSULTING SERVICES, INC., | ECF CASE |
| Plaintiff, | CIVIL ACTION |
| v. | **NOTICE OF REMOVAL** |
| SQUIRE DENTAL MANAGEMENT LLC, | (Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida |
| Defendant. | Case No.: 2020 CA 000411, Division: 49) |
| | Document Electronically Filed |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Squire Dental Management, LLC, (the "Defendant"), through its undersigned counsel, Mandelbaum Salsburg, PC, hereby file this Notice of Removal of the above-captioned action pending in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida, to the United States District Court for the Central District of Florida, Jacksonville Division.

The Defendant, by and through its undersigned counsel, respectfully state the following as grounds for removal of this action:

1. On or about September 8, 2020, Plaintiff Clayton Consulting Services, Inc. commenced an action entitled: "Clayton Consulting Services, Inc. v. Squire Dental Management LLC," Case No. 2020 CA 000411, Division: 49, by filing a Complaint ("the Complaint") in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida ("the State Court Action"). True and correct copies of all process, pleadings, orders, and other documents on file in the State Court, including the Summons, Complaint and Affidavit of Service, are attached as **Exhibit A**.

2. Plaintiff effectuated service of the Complaint upon the Defendant on September 15, 2020. Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within the thirty (30) day period after the receipt by a defendant of a copy of the initial pleading setting forth the claim for relief.

3. The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332(a) inasmuch as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. The Complaint alleges among other things that Defendant owes Plaintiff "$48,885 plus interest."

5. The Complaint further alleges that Defendant agreed to pay Plaintiff reasonable attorneys' fees for bringing the State Court Action and attached as Exhibit A the "Addendum to Agreement" which provides at Section 5.5:

> If any action at law or in equity or by alternative dispute resolution mechanism, including an action for declaratory relief, is brought to enforce or interpret this Addendum, the prevailing party will be entitled to reasonable costs, expenses, and attorneys' and paralegals' fees in addition to any other relief to which the party may be entitled. The attorneys' and paralegals' fees may be set by the tribunal in the same action or in a separate action brought for that purpose.

6. The estimated attorneys' fees of Plaintiff if this case is tried will exceed $26,115. See Declaration of Steven W. Teppler attached hereto as **Exhibit B**. See DO Restaurants, Inc. v. Aspen Specialty Ins. Co., 984 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013) (holding reasonable attorneys' fees may be included in the calculation of the amount in controversy); see also Mirras v. Time Ins. Co., 578 F.Supp.2d 1351, 1352 (M.D.Fla.2008) (same).

7. Based upon the allegations and damages sought in the Complaint, the amount in controversy exceeds $75,000.

8. This action involves complete diversity of citizenship of the parties. As alleged in the Complaint: (a) Plaintiff Clayton Consulting Services, Inc. is a Florida limited liability company with a principal office in Palm Coast, Flagler County, Florida, and upon information and belief, any member or members of plaintiff are likewise Florida citizens; and (b) Defendant Squire Dental Management LLC has its principal office in New Brunswick, New Jersey. Moreover, the two members of Squire Dental Management LLC are New Jersey citizens.

9. Pursuant to 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place where the State Court Action is pending, namely, Flagler County, Florida.

11. No prior application has been made for the requested relief.

12. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, will be filed with the Clerk of the in the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida.

14. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02, "cop[ies] of all process, pleadings and orders" filed in the State Court Action are attached hereto as **Exhibit A**.

15. Accompanying this Notice is a Civil Cover Sheet.

16. This Notice is executed pursuant to Fed. R. Civ. P. 11.

17. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) failure to join indispensable parties; or (7) any other pertinent defense available under Florida Court Rules or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

**WHEREFORE**, Defendant, Squire Dental Management, LLC respectfully requests that this action be removed from the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida, to this Court and proceed in this Court as an action properly removed thereto.

Respectfully Submitted,

Dated: October 14, 2020

*/s/ Steven W. Teppler*
Steven W. Teppler, Esq.
MANDELBAUM SALSBURG, P.C.
*Attorneys for Defendant*

4840-9819-8990, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on this date, Squire Dental Management, LLC's Notice of Removal was filed via ECF and served in accordance with the Federal Rules of Civil Procedure via Email on today's date and via overnight delivery upon Plaintiffs' counsel, Barry W. Kaufman, Esq., 11250 Old St. Augustine Road, Suite 15116, Jacksonville, Florida 32257-1088, and upon the Clerk of Circuit Court, Seventh Judicial Circuit, Flagler County, Florida via overnight delivery and E-Filing.

Dated:  October 14, 2020                     /s/Steven W. Teppler
                                             Steven W. Teppler, Esq.
                                             MANDELBAUM SALSBURG, P.C.