**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLAYTON CONSULTING SERVICES, INC.,

    Plaintiff,

vs.                                                       Case No. 3:20-cv-1165-J-34JBT

SQUIRE DENTAL MANAGEMENT, LLC,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On August 31, 2020, Defendant Squire Dental Management, LLC (Squire) filed a notice of removal, seeking to remove this case from the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida. See generally Notice of Removal (Doc. 1; Notice). In the Notice, Squire asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 "inasmuch as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Id. ¶ 3. However, upon review of the Notice and the attached Complaint (see Doc. 3; Complaint), the Court is unable to determine whether it has diversity jurisdiction over this action because Squire inadequately pleads the citizenship of the parties to this case, and fails to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1] See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Notice, Squire alleges that

> [t]his action involves complete diversity of citizenship of the parties. As alleged in the Complaint: (a) Plaintiff Clayton Consulting Services, Inc. is a Florida limited liability company with a principal office in Palm Coast, Flagler

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

> County, Florida, and upon information and belief, any member or members of plaintiff are likewise Florida citizens; and (b) Defendant Squire Dental Management LLC has its principal office in New Brunswick, New Jersey. Moreover, the two members of Squire Dental Management LLC are New Jersey citizens.

Notice ¶ 8. At the outset, the Court questions whether both parties to this action misapprehend the corporate structure of Plaintiff Clayton Consulting Services, Inc. (Clayton). Indeed, in the Complaint, Clayton perplexingly alleges that it "is a Florida limited liability company with its principal office in Palm Coast, Flagler County, Florida"—despite the inclusion of the abbreviation "Inc." in Clayton's business name.[2] Complaint ¶ 2. In turn, Squire repeats Clayton's apparent mistake, attempting to allege the citizenship of Clayton in the capacity of a limited liability company rather than a corporation. See Notice ¶ 8. However, even if Clayton is, in fact, a limited liability company, Squire fails to sufficiently allege its citizenship.[3] The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Although Squire attempts to allege the citizenship of each parties' respective members, it does so in a vague manner or premised merely "upon information and belief." See Notice

---

[2] Florida Statutes section 607.0401(1)(a) provides that a corporate name "[m]ust contain the word 'corporation,' 'company,' or 'incorporated' or the abbreviation 'Corp.,' or 'Inc.,' or 'Co.,' or the designation 'Corp,' or 'Inc,' or 'Co,' as will clearly indicate that it is a corporation instead of a natural person, partnership, or other eligible entity." In contrast, Florida Statutes section 605.0112(1)(a) provides that the name of a limited liability company "[m]ust contain the words 'limited liability company' or the abbreviation 'L.L.C.' or 'LLC' as will clearly indicate that it is a limited liability company instead of a natural person, partnership, corporation, or other business entity." Moreover, a simple search in the State of Florida's Division of Corporation's online database reveals that the company "Clayton Consulting Services, Inc.," appears to be a "Florida Profit Corporation." See Division of Corporations, Florida Department of State, (Oct. 19, 2020 12:49 PM), http://search.sunbiz.org/Inquiry/CorporationSearch/ByName (enter "Clayton Consulting Services, Inc." into search bar, then follow "CLAYTON CONSULTING SERVICES, INC." hyperlink).

[3] In the event that Clayton is determined to be a corporation, counsel is reminded that "the federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)).

¶ 8. Allegations premised only on "information and belief" are plainly insufficient to establish the jurisdictional thresholds necessary to invoke this Court's subject matter jurisdiction. See, e.g., Payne v. Ivy, No. 6:180cv030Orl-18KRS, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018) ("Allegations made 'upon information and belief' are not sufficient to support jurisdictional allegations, however."); Matos-Cruz v. JetBlue Airways Corp., No. 6:17-cv-380-Orl-37TBS, 2017 WL 3268956, at *2 (M.D. Fla. Aug. 1, 2017) ("Courts have held that allegations concerning a party's citizenship based only 'on information and belief' are insufficient."); Principle Solutions LLC v. Feed.ing BV, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013). Moreover, Squire's failure to affirmatively list the citizenship of all members of each party prevents the Court from determining whether it truly has subject matter jurisdiction over this action. Rolling Greens MHP, L.P., 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenship of all the members of the limited liability company.").

In addition, where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied,

-4-

without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

In the Notice, Squire recognizes that Clayton alleges in the Complaint that "Defendant owes Plaintiff '$48,885 plus interest.'" See Notice ¶ 4 (quoting Complaint). However, to reach the jurisdictional threshold in excess of $75,000, Squire includes attorneys' fees in its calculation of the instant amount in controversy. See id. ¶¶ 4, 5, 6, and 7. Notably, "[t]he general rule is that attorneys' fees do not count toward the amount in controversy unless they are allowed for by statute or contract." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n.4 (11th Cir. 2003). However, the Eleventh Circuit has suggested that "when the amount in controversy substantially depends on a claim for attorney fees, that claim should [arguably] receive heightened scrutiny." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000). Additionally, in this Court's view, the amount of attorneys' fees to be included in a calculation of the amount in controversy includes only the amount of fees incurred as of the time of removal, and does not include prospective amounts. See Shelly v. Target Corp., 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019) ("The Court concludes that only those attorney's fees incurred as of

removal are "in controversy" within the meaning of 28 U.S.C. § 1332."); Oliva v. Geovera Specialty Ins. Co., No. 19-cv-23625-BLOOM/Louis, 2019 WL 4183582, at *3 (S.D. Fla. Sept. 4, 2019) (concluding that "the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal"). Here, Squire contends that the parties' contract, which is the subject of the underlying dispute, provides for an award of attorneys' fees to the prevailing party in any action at law or in equity. Notice ¶ 5. However, Squire then asserts that "[t]he estimated attorneys' fees of Plaintiff if this case is tried will exceed $26,115."[4] See id. ¶ 6 (emphasis added). Squire does not specify what amount—if any—of its attorneys' fee estimate is based on fees incurred as of the time of removal, which the Court may consider, versus the amount predicated on prospective fees, which the Court will not consider. See generally Notice; see also Shelly, 446 F. Supp. 3d at 1014. Therefore, the Court is unable to determine whether the amount in controversy exceeds $75,000.

Thus, the Notice fails to present allegations sufficient to establish that the parties are diverse from each other or that the requisite amount in controversy is met. Without additional information, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[5] Accordingly, it is

---

[4] In support of this estimate, Squire submits the Declaration of Steven W. Teppler (Doc. 1-2; Teppler Dec'l), in which Mr. Teppler estimates "that the plaintiff's attorney's fees will more likely than not exceed $26,115 if this case is litigated through trial." Teppler Dec'l ¶ 10 (emphasis added).

[5] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions,

**ORDERED:**

Defendant Squire Dental Management, LLC shall have until **November 2**, **2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 23, 2020.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record
Pro Se Parties

---

but the result was a colossal waste of time and effort.  We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants.  In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").