**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CLAYTON CONSULTING SERVICES,
INC.,

        Plaintiff,

vs.                                           Case No. 3:20-cv-1165-J-34JBT

SQUIRE DENTAL MANAGEMENT,
LLC,

        Defendant.

_____/

# O R D E R

      **THIS CAUSE** is before the Court on Defendant Squire Dental Management, LLC (Squire)'s Response to Order [ECF#6] (Doc. 7; Response), filed on November 2, 2020. On August 31, 2020, Squire filed a notice of removal, seeking to remove this case from the Circuit Court, Seventh Judicial Circuit, in and for Flagler County, Florida.  See generally Notice of Removal (Doc. 1; Notice).  In the Notice, Squire asserted that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 "inasmuch as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  Id. ¶ 3.  However, upon review of the Notice and the attached Complaint (see Doc. 3; Complaint), the Court was unable to determine whether it has diversity jurisdiction over this action because Squire inadequately pled the citizenship of the parties to this case, and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1]  Accordingly, on October

_____

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique.  See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity

23, 2020, the Court entered an order (Doc. 6; Order) outlining the deficiencies in the Notice and directing Squire to provide the Court with sufficient information so that it could determine whether it has diversity jurisdiction over this action.  See Order.  Specifically, in the Order, the Court questioned whether Plaintiff Clayton Consulting Services, Inc. (Clayton) is in fact a corporation, rather than a limited liability company as alleged in both the Complaint and the Notice; determined that, to the extent Squire had correctly identified Clayton as a limited liability company, it had nonetheless failed to properly allege the citizenship of either Plaintiff or Defendant; and found that Squire had not alleged sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000 because Clayton based its amount in controversy determination on prospective attorneys' fees—a method for calculating the amount in controversy which this Court declined to accept.  See generally Order.  On November 2, 2020, Squire filed the instant Response, which purports to "provid[e] additional information in support of its Notice of Removal."  See Response at 1.  However, despite the "additional information" in Squire's Response, the Court remains unable to conclude that it has subject matter jurisdiction over the instant action.  Indeed, Squire again fails to adequately allege the citizenship of Clayton and again fails to allege

---

jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue."  Id.  Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4.  As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction.  See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

facts sufficient to plausibly demonstrate that the amount in controversy exceeds $75,000. Therefore, this case is due to be remanded to state court.

As noted in the Court's previous Order, for a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999). Notably, for purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). In the Response, Squire alleges that after it conducted a search in Florida's Division of Corporations online database,[2] which identified Clayton "as a Florida corporation with the same business address. . .(i.e., 800 Belle Terre Pkwy, Unit 200 # 125, Palm Coast, Florida 32164)," Squire "concluded that the Plaintiff in this action is Clayton Consulting Service, Inc., a Florida corporation, which is completely diverse from the Defendant and the Defendant's members, all of which are citizens of New Jersey." See Response ¶ 2. But, to adequately allege the citizenship of Clayton, a corporation, Squire must affirmatively identify Clayton's state of incorporation and its principal place of business. Hertz Corp., 559 U.S. at 80, 96-97. Reading the Response and Notice together, Squire—at most—alleges that Clayton is "a Florida corporation," see Response ¶ 1, and that Clayton's "principal office [is] in Palm Coast, Flagler County, Florida," see Notice ¶ 8.[3] Presumably, by attaching the Sunbiz Printout,

---

[2] Squire attaches as an Exhibit to its Response what appears to be a printout acquired from Florida's Division of Corporations website, http://www.sunbiz.org, which lists Clayton's "Principal Address" and "Mailing Address" as "800 Belle Terre Pkwy Unit 200 #125 Palm Coast, FL 32164." See Response, Ex. A (Doc. 7-1; Sunbiz Printout), at 2.

[3] The Court notes that Squire apparently erred when it attempted to allege the citizenship of Clayton in its capacity as a limited liability company, see Notice ¶ 8, as Squire now contends that Clayton is a Florida corporation, Response ¶ 1. In light of this confusion, the Court questions whether it can properly consider Squire's allegation in the Notice that Clayton's "principal office [is] in Palm Coast, Flagler County, Florida." See Notice ¶ 8.

Squire seeks to rely on the information set forth there as establishing Clayton's citizenship. See Response ¶ 1. However, even assuming the Court can properly consider Squire's allegation in the Notice regarding Clayton's "principal office," such an allegation, even when accompanied by the Sunbiz Printout, is insufficient to identify Clayton's principal place of business. See, e.g., Wylie v. Red Bull N. Am., Inc., No. 1:14-cv-01086-WSD, 2015 WL 1137687, at *2 (N.D. Ga. March 13, 2015) (concluding that a printout from Georgia's Secretary of State website identifying the defendant's "Principal Office Address" in California was insufficient to establish the defendant's principal place of business for diversity jurisdiction purposes) (aff'd, Wylie v. Red Bull N. Am., Inc., 627 F. App'x 755 (11th Cir. 2015) (per curiam)); Lee v. Am. Equity Inv. Life Ins. Co., No. 2:18-cv-648-FtM-99MRM, 2019 WL 448353, at *2 (M.D. Fla. Feb. 5, 2019) (determining that plaintiffs failed to identify a defendant's principal place of business where plaintiffs merely alleged the corporation's principal office address); S. States Co-op., Inc. v. Melick Aquafeeds, Inc., No. Civ.A. 7:08-CV-13(HL), 2008 WL 216933, at *1 (M.D. Ga. Jan. 24, 2008) ("[T]he location of Defendant's principal office tells the Court nothing about Defendant's principal place of business because a corporation's principal office is not necessarily its principal place of business for purposes of diversity jurisdiction."). Therefore, Squire has again failed to allege the citizenship of Clayton, and the Court cannot determine whether there is complete diversity of citizenship to support a finding of subject matter jurisdiction over this action. Univ. of S. Ala., 168 F.3d at 412.

In addition, as explained in the Court's October 23, 2020 Order, where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316,

1319 (11th Cir. 2001).   In <u>Dart Cherokee Basin Operating Co.</u>, the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."   <u>See Dart Cherokee Basin Operating Co. LLC v. Owens</u>, 135 S. Ct. 547, 554 (2014).   If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met.   <u>Id.</u> (citing 28 U.S.C. § 1446(c)(2)(B)); <u>see also</u> <u>Dudley v. Eli Lilly & Co.</u>, 778 F.3d 909, 912 (11th Cir. 2014).   "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."   <u>See</u> <u>Williams</u>, 269 F.3d at 1320.   Indeed, the Court may not speculate or guess as to the amount in controversy.   <u>See</u> <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 752 (11th Cir. 2010).   Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."   <u>Id.</u> at 754.   In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing."   <u>Id.</u>

To meet the amount in controversy requirement, in the Response Squire again relies on Mr. Steven W. Teppler's estimate of the attorneys' fees that <u>might</u> be incurred if this case proceeds to trial.   <u>See</u> Response ¶ 2; <u>see also</u> Notice ¶ 6.   In this regard, Squire maintains that the Court should consider estimates of prospective attorneys' fees in its calculation of the amount in controversy.[4]   <u>See</u> Response ¶¶ 2-7.   Squire's position

---

[4] In support of this argument, Squire attaches to the Response the opinion in <u>DO Restaraunts, Inc. v. Aspen Specialty Ins. Co.</u>, 984 F. Supp. 2d 1342 (S.D. Fla. 2013).   <u>See</u> Response, Ex. B (Doc. 7-2).   Squire correctly

notwithstanding, as the Court expressly noted in the previous Order, "in this Court's view, the amount of attorneys' fees to be included in a calculation of the amount in controversy includes only the amount of fees incurred as of the time of removal, and does not include prospective amounts."  See Order (citing Shelly v. Target Corp., 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019) ("The Court concludes that only those attorney's fees incurred as of removal are "in controversy" within the meaning of 28 U.S.C. § 1332."); Oliva, 2019 WL 4183582, at *3 (concluding that "the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal")).  The Court recognizes the split among district courts within the Eleventh Circuit on the question whether estimates of prospective attorneys' fees should count towards the determination of the amount in controversy.  See Shelly, 446 F. Supp. 3d at 1013-14 (noting that "decisions within this district vary," and collecting cases); Oliva, 2019 WL 4183582, at *1.  However, the Court reiterates that until the Eleventh Circuit weighs in, this Court "will not consider" an attorneys' fee estimate predicated on prospective fees, see Order at 6, and in doing so acts consistent with the seemingly "predominate" approach that only attorneys' fees accrued as of the time of removal are properly considered in the determination of the amount in controversy, see Shelly, 446 F. Supp. 3d at 1013.  Thus, the Court determines that—excluding the estimate of prospective

notes that the DO Restaraunts court considered prospective attorneys' fees (adequately supported by an affidavit) in determining that the amount in controversy requirement was satisfied.  See id.; see also Response ¶ 7.  However, this Court reads the DO Restaraunts decision as merely an example of the "split in district courts within the Eleventh Circuit" on the question whether to include prospective attorneys' fees in the calculation of the amount in controversy.  See Oliva v. Geovera Specialty Ins. Co., No. 19-CV-23625, 2019 WL 4183582, at *1 (S.D. Fla. Sept. 4, 2019) (noting the conflicting case law on the issue, but determining that calculating attorneys' fees accrued as of the date of removal "is consistent with Eleventh Circuit precedent establishing that '[j]urisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal. . .That plaintiff might ask for or recover more after removal is not sufficient to support jurisdiction") (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994)).

-6-

attorneys' fees—Squire has failed to satisfactorily allege that the amount in controversy in this case exceeds the jurisdictional threshold.

Therefore, through the Notice and the Response, Squire has twice failed to sufficiently allege the citizenship of Clayton, and twice failed to present sufficient facts to plausibly suggest that the amount in controversy exceeds $75,000, and thus the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[5]   Accordingly, it is

**ORDERED:**

This case is **REMANDED** without prejudice to the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida for further proceedings.[6]

**DONE AND ORDERED** at Jacksonville, Florida on November 5, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27

---

[5] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort.  We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants.  In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").
[6] In state court, Squire can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure.  If, through such discovery, Squire ascertains that the case is one which is or has become removable, Squire may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

Copies to:

Counsel of Record
Pro Se Parties

Clerk, Circuit Court, Seventh Judicial Circuit,
in and for Flagler County, Florida